IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | | |
| OPPORTUNITY COMMISSION, ) | | |
| ) | | |
| Plaintiff, ) | CIVIL ACTION NO. | |
| ) | | |
| v. ) | C O M P L A I N T | |
| ) | | |
| SFI OF TENNESSEE, LLC ) | Jury Trial Demanded | |
| ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of race, and to provide appropriate relief to Jarvis Nathan, D'Laurence Neely, and Shaunita Callicutt who were adversely affected by such practices.

As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission, alleges Defendant, SFI of Tennessee, LLC, discharged Jarvis Nathan, D'Laurence Neely, and Shaunita Callicutt because their race, Black, in violation of Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, SFI of Tennessee, LLC ("Defendant Employer"), has continuously been doing business in the State of Tennessee and in Shelby County. Defendant Employer has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jarvis Nathan and D'Laurence Neely filed a charges of discrimination with the Commission alleging violations of Title VII by Defendant Employer.

7. The Commission found reasonable cause to believe the charges were true, and endeavored to eliminate the discriminatory practice through informal methods of conference, conciliation, and persuasion, but was unable to secure a conciliation agreement acceptable to the Commission.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least November 2010, Defendant Employer has engaged in unlawful employment practices in violation of Title VII, § 703, 42 U.S.C. § 2000e-2. These unlawful employment practices include discharging Jarvis Nathan, D'Laurence Neely, and Shaunita Callicutt because of their race, Black.

a. Defendant Employer is a fabricator and supplier of steel products.

b. On or about April 4, 2010, Defendant Employer hired Jarvis Nathan, Black, as a Purchasing Manager.

c. In the letter offering Nathan employment, Defendant Employer stated that Nathan's salary would be increased after 90 days of employment with a good evaluation.

d. In May 2010, Nathan hired D'Laurence Neely, Black, as a Supply Chain Expeditor for Defendant Employer

e. In May 2010, Nathan hired Shaunita Callicutt, Black, as a Supply Chain Analyst for Defendant Employer.

f. In July 2010, Defendant Employer evaluated Nathan and he received a rating of exceeds expectations.

g. At this time, Defendant Employer gave Nathan a salary increase and promoted Nathan to the position of Director of Supply Chain.

h. On or about August 30, 2010, Defendant Employer awarded salary increases to Neely and Callicutt.

i. On or about October 5, 2010, Defendant Employer promoted Neely to the position of Supply Chain Specialist with a salary increase.

j. On or about October 5, 2010, Defendant Employer promoted Callicutt to the position of Supply Chain Expeditor with a salary increase.

3

k.  In October 2010, Joe Deweese (Defendant Employer's Vice President) told Nathan "you are well dressed, articulate, know what the f--- you are talking about, not afraid to call incompetent people out, and you're Black." Deweese said he was ashamed that people were not able to look beyond a man's race.

l.  Defendant Employer discharged Nathan, Neely, and Callicutt on November 17, 2010.

m.  Prior to being discharged, Nathan, Neely, and Callicutt did not have any performance issues with Defendant Employer.

n.  Defendant Employer replaced Nathan, Neely, and Callicutt with White employees, including Tom Woods, Patricia Stagg, Eric Smith, and Ted Cornecki.

10.  The effects of the practices complained of in paragraph 9 above has been to deprive Jarvis Nathan, D'Laurence Neely, and Shaunita Callicutt employment opportunities and otherwise adversely affect their status as employees because of their race, Black.

11.  The unlawful employment practices complained of in paragraph 9 above were and are intentional.

12.  The unlawful employment practices complained of in paragraph 9 above were and are done with malice and reckless indifference to the federally protected rights of Black workers.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates because of race, Black.

B.     Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for Black applicants and workers which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Jarvis Nathan, D'Laurence Neely, and Shaunita Callicutt by providing appropriate back pay with prejudgment interest and lost benefits, in amounts to be determined at trial, and any other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or rightful place hiring.

D.     Order Defendant Employer to make whole Jarvis Nathan, D'Laurence Neely, and Shaunita Callicutt by providing compensation for pecuniary losses, including but not limited to cost to be incurred for the costs of seeking new employment, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Jarvis Nathan, D'Laurence Neely, and Shaunita Callicutt by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.

F.     Order Defendant Employer to pay punitive damages for its intentional, malicious and/or reckless conduct, in an amount to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        s/ Faye A. Williams
        FAYE A. WILLIAMS
        Regional Attorney
        TN Bar No. 11730

        s/ Kelley R. Thomas
        KELLEY R. THOMAS
        Trial Attorney
        TN Bar No. 023926

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        1407 Union Ave., Suite 901
        Memphis, TN 38104
        (901) 544-0099
        kelley.thomas@eeoc.gov